# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES PRESTON, | ) | CASE NO. 5:07CV182 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| JULIUS WILSON, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | |
| RESPONDENT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James S. Gallas that the petition for a writ of habeas corpus be denied. (Doc. No. 14.) Petitioner timely filed his objections (Doc. No. 17) and respondent filed a reply (Doc. No. 18). For the reasons discussed below, the R&R is **ACCEPTED IN PART AND REJECTED IN PART** and the petition for writ of habeas corpus is **DENIED**.

## I. DISCUSSION

**A.     Background**

Petitioner was indicted on multiple counts of driving under the influence, driving under suspension, aggravated vehicular assault, and aggravated vehicular homicide. He eventually entered guilty pleas on September 2, 2004, to one count of aggravated vehicular homicide and one count of aggravated vehicular assault, felonies of the first and second degree, respectively. The trial court imposed consecutive sentences of nine years and six years, rejecting counsel's joint recommendation of six years and four years. On June 8, 2005, the Seventh

District Court of Appeals of Ohio rejected petitioner's challenge to the consecutive sentences and he did not appeal to the Ohio Supreme Court.[1]

Preston filed an application to reopen his appeal under Ohio R.App.P. 26(B) asserting that he was denied the effective assistance of counsel when counsel failed to raise the *Blakely* argument in his initial appellate brief on direct appeal. The application was granted; however, on October 21, 2005, the appellate court, applying *Strickland v. Washington*, 466 U.S. 668 (1984) and *Jones v. Barnes*, 463 U.S. 745 (1983), concluded that counsel had not been ineffective for not raising an argument that had already been rejected by the court in other cases.

Petitioner filed his petition for writ of habeas corpus in this court initially raising two grounds. When he filed his reply, styled as a "traverse," he abandoned his first claim and proceeded only on his claim of ineffective assistance of appellate counsel. *See* Doc. No. 13 at 4.

Applying the standard of review set forth in 28 U.S.C. § 2254(d),[2] the Magistrate Judge concluded that "competent counsel could reasonably and professionally [have] omit[ted] a *Blakely*-based argument to focus the argument on statutory challenges and inconsistency with *State v. Comer* [99 Ohio St.3d 463 (2003)], the governing law at that time." (R&R at 16.)[3] The Magistrate Judge further concluded that there had been no actual prejudice to the petitioner because he could not prove a "reasonable probability that, but for counsel's unprofessional

---

[1] The court of appeals, without explanation, also rejected Preston's attempt to amend his appellate brief to include an argument based on *Blakely v. Washington*, 542 U.S. 296 (2004).

[2] Section 2254(d) provides, in relevant part, that an application for writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"

[3] The Magistrate Judge correctly noted that *Comer* was subsequently abrogated by *State v. Foster*, 109 Ohio St.3d 1 (2006), as recognized by *State v. Mathis*, 109 Ohio St.3d 54 (2006).

errors, the result of the proceeding would have been different." (*Id*., quoting *Strickland v. Washington*, 466 U.S. at 687.)

As for petitioner's argument that his consecutive sentences violated *Blakely*, the Magistrate Judge concluded that, since *Blakely* did not address the question of consecutive versus concurrent sentences, and since *Black v. California*, -- U.S. --, 127 S.Ct. 1210, 167 L.Ed.2d 36 (2007) passed up the opportunity to rule on the question of whether *Blakely* impacts consecutive sentences, his consecutive sentences cannot be said to violate clearly established federal law and, further, counsel cannot be faulted for failing to raise the argument.

Finally, the Magistrate Judge rejected petitioner's assertion that, had his *Blakely* issue been raised on direct appeal, this case would somehow have been time extended by the ruling in *Foster*. The problem with this argument, according to the R&R, is that petitioner's direct appeal was not pending at the time *Foster* was decided by the Ohio Supreme Court. *Foster* held that its decision applied only to pending cases on direct review that were not yet final. *See Foster*, 109 Ohio St.3d at 31 ¶ 106. Petitioner's direct review was final 45 days after June 8, 2005, when he failed to file an appeal to the Ohio Supreme Court.

**B.     Standard of Review**

Under Fed.R.Civ.P. 72(b), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." The court may "accept, reject, or modify the recommended disposition[.]" Proper objections are filed within 10 days of service of the R&R and are specific in nature.

Petitioner timely filed his objections (Doc. No. 17) and respondent filed a response (Doc. No. 18).

3

**C.     Analysis**

Petitioner raises six objections:

1. The general rule concerning "winnowing" and a "prospective view of the change in law" does not apply when counsel "fail[s] to raise an issue whose resolution is clearly foreshadowed by existing decisions."

2. There is no evidence that appellate counsel made a conscious decision not to raise a challenge under *Blakely v. Washington*.

3. The result of the appeal would have been different if counsel had properly raised Mr. Preston's *Blakely* claim.

4. If counsel had properly raised the issue, Mr. Preston's case would have been on direct review when the Ohio Supreme Court decided *Foster* and Mr. Preston would have obtained relief.

5. *Blakely* applies to all cases pending on direct review when it was decided.

6. Under Ohio Supreme Court law, which this Court must apply, *Blakely* applies to consecutive sentences.

Petitioner addresses the first two objections together. He argues application of *Davis v. Eberlin*, No. 5:06cv398, 2008 WL 618968 (N.D. Ohio March 3, 2008), where this Court noted that "[t]he timing of the Ohio Supreme Court's ruling in *Foster* is immaterial to the determination of whether *Blakely* applies to the present case[,]" *id.* at * 7, and concluded that "counsel's failure to raise the *Blakely* error constituted performance that fell below an objective standard of reasonableness." *Id.* Petitioner also urges application of the opinion of *Thompson v. Warden, Belmont Corr. Inst.*, No. 2:07-cv-0051, 2008 WL 343172, at *12-13 (S.D. Ohio February 5, 2008), where the court concluded that it was ineffective assistance to fail to raise a *Blakely* argument, since *Blakely* had been decided long before Thompson's direct appeal, eliminating any need for counsel to *anticipate* new law.

4

The Court finds merit in petitioner's argument with respect to these two objections. Clearly, counsel should have raised the *Blakely* issue and the fact that he attempted to amend his brief to do so is recognition of that error on his part. To the extent that the R&R concluded that it was not ineffective assistance to fail to raise the *Blakely* argument on direct appeal, the R&R is **REJECTED**.

That, however, does not end the analysis. The Magistrate Judge also concluded that there had been no actual prejudice to the petitioner because he could not prove a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (R&R at 16, quoting *Strickland v. Washington*, 466 U.S. at 687.) In his third and fourth objections, which he addresses together, petitioner urges this Court to conclude that the result would have been a different sentence for him had counsel properly raised the *Blakely* argument.

On this point, the Court cannot agree. As properly pointed out in the R&R, at the time, Ohio courts routinely held that *Blakely* was not applicable to Ohio's sentencing scheme. In fact, the Ohio court of appeals, in denying petitioner's application to reopen his appeal, noted that it had previously held that *Blakely* was not applicable to Ohio's felony sentencing statutes. Therefore, even if counsel had succeeded in adding a *Blakely* argument to the appellate brief, there is no guarantee that petitioner's case would have been handled any differently.[4] Furthermore, even if petitioner had succeeded in convincing an Ohio appellate court that he was entitled to be resentenced because of *Blakely* violations, there is no guarantee that he would not

---

[4] It is purely speculation for petitioner to argue that, had his counsel properly raised the *Blakely* issue, Mr. Preston's case would have been on direct review when the Ohio Supreme Court decided *Foster* and Mr. Preston would have obtained relief. The Court need not address this objection which lacks merit.

have received the very same sentence. He was sentenced to nine years on the first degree felony and six years on the second degree felony, consistent with O.R.C. § 2929.14(A)(1) and (2).

Therefore, petitioner's third and fourth objections are overruled and the Court **ADOPTS** the R&R's conclusion that petitioner has failed to show that the result would have been different had a proper *Blakely* argument been raised.

In his fifth objection, petitioner challenges the R&R's conclusion that his direct appeal became final too early to take advantage of *Foster*'s ruling with respect to application of *Blakely* and the change in Ohio's sentencing scheme. Petitioner argues that the relevant question is whether his direct appeal was pending at the time *Blakely* was decided, not at the time *Foster* was decided. He objects to the R&R's conclusion that he could not have been prejudiced by the failure to raise a *Blakely* argument because, by the time *Foster* was decided, his direct appeal was no longer pending. Even if petitioner's argument were entirely correct, it still would not change the ultimate conclusion that petitioner is unable to show any prejudice because he cannot show that any resentencing would have resulted in a different sentence. However, the Court finds no error in the Magistrate Judge's conclusion that *Foster* applied only to direct appeals that were pending on February 27, 2006 when it was decided and that petitioner's direct appeal was final 45 days after June 8, 2005 because he failed to file an appeal from the Ohio court of appeals to the Ohio Supreme Court. To that extent, the Court **ADOPTS** this conclusion of the R&R.

Finally, in his sixth objection, petitioner argues that *Blakely* applies to Ohio's consecutive sentencing scheme, as decided by *Foster*. This objection is really no more than a reiteration of his fourth objection, which the Court declined to address, *see supra*, n.4, because he argues with respect to this sixth objection that, had counsel raised the *Blakely* issue, he "would have been one of the defendants who prevailed under *In re Ohio Crim. Sentencing*

*Statutes Cases*, 109 Ohio St.3d 313, 2006-Ohio-2109 at ¶ 2-174 instead [of] one of the defendants who lost under that case, *Id*. at ¶ 187." (Objections, at 5.) Notwithstanding the fact that it is somewhat speculative whether petitioner would have "prevailed" or "lost," the ultimate outcome for purposes of this habeas petition is the same, namely, that petitioner cannot show that, had he been resentenced, the result would have been different.

## II.  CONCLUSION

For the reasons discussed above, the Report and Recommendation is **REJECTED IN PART AND ACCEPTED IN PART**. The petition for writ of habeas corpus is **DENIED** and this case will be **DISMISSED**.

**IT IS SO ORDERED**.


Dated: January 23, 2009

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**